**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Criminal Case No. 22-cr-00345-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    JAIME SANCHEZ, a.k.a. "Boxer";,
2.    GABRIEL SANCHEZ, a.k.a. "Gavi";
3.    JOSE BAEZA a.k.a. "Terco";
4.    LEONARD SINGLETON a.k.a. "Cody Singleton";
5.    STEPHANIE BARKER;
6.    LEANNE WILSON; and
7.    AUGUSTINE GALLEGOS, a.k.a. "Auggie"

      Defendants.

---

**ORDER GRANTING DEFENDANT'S UNOPPOSED AND JOINT MOTION TO**
**EXCLUDE 180 ADDITIONAL DAYS FOR THE ENDS OF JUSTICE**

---

This matter is before the Court on the Defendant's Unopposed and Joint Motion to Exclude 180 Additional Days for the Ends of Justice (the "Motion") (ECF No. 124). The Defendant's Motion requests that the Court exclude an additional[1] 180-day ends of justice continuance of the deadlines under the Speedy Trial Act, 18 U.S.C. § 3161, for a continuance of the trial date and for an extension for filing pretrial motions. Counsel for all co-defendants join in this Motion. For the following reasons, the Motion is GRANTED.

---

[1] On December 20, 2022, the Court issued an Order Declaring Case Complex and Finding Excludable Time and extended the 70-day clock to August 16, 2023. (ECF No. 73)

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(8). Among the authorized delays, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (quoting 18 U.S.C. § 3161(h)(7)(A)).

The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Hill*, 197 F.3d at 441; § 3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)).  "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516).  The Court has discharged these duties.

The Motion describes the various factors that are believed to necessitate an exclusion of 180 days in this case, and the Court adopts and incorporates those facts herein:

This a multi-defendant drug and gun case with seven co-defendants.  While it is not clear from the Superseding Indictment, this case also involves an alleged homicide committed by Defendant Baeza, specifically that he committed a drug-related murder in March of 2022. Because this case involves a drug-related homicide, there has been a very high volume of investigative activity invested into this case by several government agencies.  This case is likely to involve and require the assistance of defense experts in the fields of digital forensics; telecommunication forensics; firearm forensics; medical forensics (pathology); and potentially DNA forensics

Miller Leonard, counsel for Defendant Gabriel Sanchez (#2) who filed this motion on behalf of himself and all other defendants, is the second appointed attorney for Defendant Sanchez and entered his appearance on March 21, 2023.  His client is facing serious charges - conspiracy, and distribution and possession with intent to distribute 50 grams and more of methamphetamine.  If convicted on each count, he is facing a possible sentence of up to life in prison, and no less than 10 years in prison.

Discovery in this case is voluminous, consisting of 3 terabytes of data.  Counsel for Defendant Sanchez requires time to have the discovery concerted into a useable and searchable format and has retained a discovery consultant/litigation software provider to aid in this process. Additionally, his client is being housed in a facility in Douglas County which will require counsel and his investigator to devote at least a half of a day for each visit.  He has identified the need to create a defense team to assist him with this case and has began that process.  Once the discovery has been converted, he will need to review the documents and videos, and listen to the calls, determine what pre-trial motions, if any, might need to be filed.  Counsel for all co-

4

defendants indicate that they too require additional time to prepare for trial and motions as a result of the large discovery.

The Court is sensitive to and mindful of the teachings of relevant case law, including the principles and holdings in *Bloate v. United States*, 559 U.S. 196 (2010)*; United States v. Larson*,627 F.3d 1198, (10th Cir. 2010); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007)*.

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation by Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c).  The Court has considered the factors which it must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1)     Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)     Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv); and

(3)     Therefore, the ends of justice served by granting the motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1)     Defendant's Unopposed and Joint Motion to Exclude 180 Additional Days for the Ends of Justice (ECF No. 124) is GRANTED;

(2)     **The 70-day clock, exclusive of tolled time, shall accordingly be extended from August 16, 2023 to February 12, 2024**;

(3)     The current Trial date and all pretrial deadlines and settings are hereby **VACATED**.  The **seven-day** jury trial is RESET for **February 12, 2024** at **9:00 a.m.**  On the first day of trial, counsel shall be present at **8:30 a.m.**  The Trial Preparation Conference is RESET for **February 2, 2024** at **9:00 a.m.** in Courtroom A601.  Lead counsel who will try the case shall attend in person. Defendants are also required to be present; and

(4)     Defendants shall have to and including **November 1, 2023** to file pretrial motions and responses to these motions shall be filed by **November 15, 2023**.  **If no motions are filed by such date, the Court will deem defendant to have waived any such motions**.

Dated this 3rd day of May, 2023.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge